IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL MUIR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 20-CV-4459 |
| JOHN E. WETZEL, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**ROBRENO, J.**                                                              **NOVEMBER 19, 2020**

*Pro se* Plaintiff Joel Muir, a prisoner incarcerated at SCI-Phoenix, has filed a Complaint pursuant to 42 U.S.C. § 1983. Named as Defendants are fifteen officials of SCI-Phoenix and the Pennsylvania Department of Corrections. Muir also seeks leave to proceed with this case without paying the filing fee. For the following reasons, Muir's request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    FACTUAL ALLEGATIONS**

Muir's factual allegations are brief. He claims that between September 20, 2018 and April 15, 2019 prison officials opened and copied his legal mail. (ECF No. 1 at 6.)[1] He was provided only copies of the legal mail and prison officials kept the originals. (*Id.*) He claims these actions violated his First, Fourth, and Fourteenth Amendment rights. (*Id.*) Muir seeks money damages and unspecified injunctive relief. (*Id.*) Attached to the Complaint are prison grievance forms Muir filed concerning the opening of his legal mail. (*Id.* at 14-18.) Although he

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

names fifteen individuals as Defendants, he makes no specific allegation how any of them were involved in the alleged violations of his rights.

## II.     STANDARD OF REVIEW

Because Muir is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.* As Muir is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Muir seeks to assert federal constitutional claims under 42 U.S.C. § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[2] Because Muir is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (citing *Rode*). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *Rode*, 845 F.2d at 1207. Allegations of participation or knowledge and acquiescence must be made with appropriate particularity. *Id.* at 1207.

### A. Claims Based on Grievances

Muir has attached copies of prison grievance forms to his Complaint. To the extent that he seeks to bring a claim based upon the handling of his grievances that claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any such claims are not plausible and will be dismissed with prejudice.

### B. Claims Based on Mail

Muir names fifteen Defendants including officials at SCI-Phoenix and John Wetzel, Secretary of the Pennsylvania Department of Corrections. However, Muir fails to allege how any of the named Defendants violated his civil rights.

The United States Court of Appeals for the Third Circuit has explained that prisoners "do not forfeit their First Amendment right to use of the mails" and that a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes

communication protected by the right to free speech." *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997); *see also Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006) (reaffirming holding in *Bieregu* that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner").  To state a First Amendment claim for interference with a prisoner's legal mail, a plaintiff must allege that the interference was done according to a "pattern and practice."  *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech.").  A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy."  *See, e.g. id.* (distinguishing between "a pattern and practice" and an "explicit policy").  Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails.  *Taylor*, 196 F. App'x at 128.  Courts have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First Amendment violation.  *See, e.g. Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation."); *Beese v. Liebe*, 51 F. App'x. 979, 981 (7th Cir. 2002) (dismissing First Amendment Claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate merely speculated that the prison official intended to do so); *Gardner v. Howard*, 109 F.3d 427, 420-31 (8th Cir. 1997).

While Muir generally alleges interference with his legal mail, his Complaint fails to set forth specific factual averments describing how any named Defendant was personally involved in the interference.  Without at least a modicum of factual specificity on this point, the Court must conclude that Muir has failed to state a plausible claim of interference with legal mail under the First Amendment.  *See Taylor*, 196 F. App'x at 128 (stating that the inmate must allege the "personal involvement on the part of the Defendants in the alleged pattern and practice of opening his mail").  The Court cannot, however, state that Muir can never successfully state a plausible First Amendment claim.  Accordingly, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Muir will be granted leave to file an amended complaint if can cure the defects in this claim identified by the Court.

An appropriate Order follows dismissing any claim based on the grievance process with prejudice, dismissing the legal mail claim without prejudice, and providing further direction to Muir should he chose to file an amended complaint.