**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOEL MUIR,<br>    Plaintiff,<br><br>v.<br><br>JOHN E. WETZEL, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 20-CV-4459<br>:<br>:<br>: |

**MEMORANDUM**

**ROBRENO, J.**                                                                                          **JANUARY 5th, 2021**

In a prior Memorandum filed on November 19, 2020, the Complaint filed by *pro se* Plaintiff Joel Muir, a prisoner incarcerated at SCI-Phoenix, was dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 11.) Muir was granted leave to file an amended complaint to attempt the cure the defects the Court identified in his claim concerning his legal mail. Muir has now returned with an Amended Complaint ("AC") in which he names as Defendants Secretary John E. Wetzel of the Pennsylvania Department of Corrections and seven correctional officers at SCI-Phoenix. For the following reasons, the AC will be dismissed in part and the balance of the claims will be served for a response.

**I.      FACTUAL ALLEGATIONS**

The AC expands upon the allegations Muir asserted in his original Complaint concerning the opening, photocopying and retention by prison officials of his incoming legal mail. He again claims that between September 20, 2018 and April 15, 2019 prison officials opened and copied legal mail sent to Muir by an attorney representing him in his federal habeas corpus proceeding.

(ECF No. 14 at 2-3.)[1] He alleges that Wetzel instituted a policy authorizing the Defendant correctional officers to illegally seize his legal mail. (*Id.* at 2.) Those Defendants then each refused to give Muir his original legal mail and instead showed him photocopies of his mail and retained the originals and the envelopes in which the mail was sent to the prison. (*Id.* at 3-5.) Muir was not given a receipt for the confiscated property and was not give a reason why the property was seized. (*Id.*) Muir alleges that the seizure of his incoming legal mail violated his First Amendment rights, Fourteenth Amendment due process rights, and Eighth Amendment right to be free of cruel and unusual punishment, for which he seeks money damages and injunctive relief. (*Id.* at 5-8.)

## II.    STANDARD OF REVIEW

Because Muir was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Muir is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

As the Court explained in the Memorandum dismissing the original Complaint, prisoners "do not forfeit their First Amendment right to use of the mails" and a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." (ECF No. 11 at 3-4 (citing *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997); *see also Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006) (reaffirming holding in *Bieregu* that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner")).) However, to state a plausible First Amendment claim for interference with a prisoner's legal mail, a plaintiff must allege that the interference was done according to a "pattern and practice." (*Id.* at 4 (citing *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech."))). A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy." *See, e.g. id.* (distinguishing between "a pattern and practice" and an "explicit policy"). The Court also noted that "Prisoners need not allege or prove any 'actual injury' beyond direct injury to their First Amendment right to use the mails." (ECF No. 11 at 4 (citing *Taylor*, 196 F. App'x at 128).)

Muir's AC alleges multiple instances of interference with his legal mail by the seven named correctional officer Defendants. He also alleges that Defendant Wetzel instituted a policy by which inmates would receive only photocopies of legal mail and not the original mail. Based

on these allegations, the First Amendment claim passes § 1915 screening and will be served for a response.[2]

The Eighth Amendment claim for cruel and unusual punishment, however, is not plausible. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment under the Eighth Amendment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized

---

[2] Liberally construed, the Court understands these allegations to refer to the DOC's mail policy, of which this Court may take judicial notice. Although other courts have concluded in unpublished opinions that this policy is justified by a legitimate penological interest, *see e.g.*, *Bailey v. Jurnak*, Civ. A. No. 18-1437, 2019 WL 3784570, at *5 (M.D. Pa. July 19, 2019), *report and recommendation adopted*, 2019 WL 3776753 (M.D. Pa. Aug. 12, 2019); *Calipo v. Wolf*, Civ. A. No. 18-320, 2018 WL 7412835, at *5 (W.D. Pa. Nov. 21, 2018), *report and recommendation adopted*, 2019 WL 858035 (W.D. Pa. Feb. 22, 2019), the Court will not resolve this issue at the § 1915 screening stage without input from the Defendants.

measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).

Muir's allegations that he was not allowed to receive the originals of his legal mail does not raise a plausible claim that Muir was denied a life necessity, that prison officials consciously disregarded a serious risk to his health or safety, or that the deprivation was sufficiently serious to constitute unconstitutional punishment. Accordingly, the Eighth Amendment claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Having afforded Muir an opportunity to file an amended complaint to state plausible claims, and it appearing that any further effort to amend the Eighth Amendment claim would be futile, the dismissal of the Eighth Amendment claim will be with prejudice.

The Fourteenth Amendment claim is also implausible. A prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Accordingly, this claim will also be dismissed with prejudice under § 1915(e)(2)(B) since further attempt at amendment would be futile.

An appropriate Order follows dismissing the Eighth and Fourteenth Amendment claims with prejudice, and directing service of the First Amendment claim.